■ TOTAL TELEVISION PRODUCTIONS, INC., Respondent, v LEONARDO TELEVISION PRODUCTIONS, INC., et al., Appellants.—Order, Supreme Court, New York County (Louis Grossman, J.), entered February 4, 1985, which granted plaintiff partial summary judgment on its second cause of action and directed an assessment of damages, is unanimously reversed, on the law, with costs, the motion for partial summary judgment is denied, and the action is remanded for trial in accordance with this memorandum.

On March 24, 1960, plaintiff Total Television Productions, Inc. (TTV) and defendant Leonardo Television Productions,

Inc. (Leonardo) entered into an agreement to produce and exploit a cartoon property entitled "King Leonardo and His Short Subjects." Leonardo was granted the "exclusive license in perpetuity" to use and exploit the property throughout the world. As here pertinent, TTV was entitled to receive from Leonardo 50% of the net profit remaining after deduction of Leonardo's fee (up to 45% of gross sales price) from foreign distribution.

On January 1, 1969, Leonardo and TTV entered into an agreement modifying their prior agreement by granting TTV all rights in one of the properties (the Beagles) and music rights in all the properties. Leonardo was granted home movie and commercial tie-in rights in all the properties except the "Beagles." Paragraph 3.A of the 1969 agreement provided: "To the extent of all of TTV's right, title and interest therein, TTV hereby grants to Leonardo, its successors and assigns [i.e., defendant Filmtel], the sole and exclusive license to televise and cause to be televised" all filmed and videotaped programs, based on the properties, outside the United States, for a period of 12 years (15 in Australia). During this 12-year period TTV was to receive only 20% of the net profits, and Leonardo was to advance TTV $117,500 against TTV's 20% share of the net profits. Paragraph 7 of the 1969 agreement further provided: "The parties hereby confirm that, except as herein specifically modified and amended, all Prior Agreements are hereby ratified and confirmed and shall remain in full force and effect."

TTV's second cause of action rests essentially upon a claim that the two agreements should be construed as providing that Leonardo advanced $117,500 to TTV in exchange for a reduction of its perpetual rights to exclusively exploit the properties to a period of 12 years. However, aside from the dubious character of this interpretation, TTV cannot point to any language in the 1969 agreement that "specifically" modifies or amends the perpetual rights given to Leonardo in the 1960 agreement. In fact, Leonardo's perpetual rights are not even mentioned in the 1969 agreement. Nevertheless, TTV contends that at the conclusion of the 12-year period Leonardo lost its exclusive rights, and TTV became entitled to 50% of all moneys derived from exploitation of all films except the "Beagles", i.e., Leonardo would no longer be entitled to its fee of up to 45%, which Leonardo was permitted to deduct as compensation for its efforts in regard to foreign distribution under the 1960 agreement.

We further observe that the 12-year exclusive license

granted in the 1969 agreement is preceded by the following language: "To the extent of all of TTV's right, title and interest therein, TTV hereby grants to Leonardo". Inasmuch as Leonardo already had a perpetual right to exclusively exploit and license the properties, TTV could only have been giving up, during the 12-year period, (1) its right under the 1960 agreement to receive 50% of the net profits from foreign exploitation of the properties, and (2) its right to receive even the 20% of the net profits it was entitled to during that period, until the sum of $117,500 had been repaid from those proceeds. At most, an argument could be made that the 12-year exclusive license referred to in the modification agreement revoked or modified Leonardo's previously existing perpetual exclusive license by implication. However, where, as here, the parties ratified and confirmed their prior agreement "except as herein *specifically* modified and amended" (emphasis added). TTV's implied modification argument is insufficient to raise a triable issue of fact. We accordingly hold that at the conclusion of the 12-year period the parties' rights in regard to exploitation and compensation are to be again governed by the 1960 agreement.

The only other issue warranting our attention is raised by the allegation in TTV's second cause of action that Leonardo breached its agreement by entering into sublicenses during the 12-year period, which permitted third parties to broadcast some of the film properties beyond that period. Leonardo's president, Peter M. Piech, submitted an affidavit in support of defendants' cross motion for summary judgment, setting forth his extensive experience in producing television shows and negotiating distribution contracts, and asserting that: "The practice in the trade is that an agreement to license others to televise authorizes the grantee [in good faith] to enter into agreements during the period which contracts extend beyond the indicated license period * * * The reason for the practice is the nature of the television business. Television stations in the United States generally schedule programs a year in advance; in other parts of the world television programs are scheduled two and three years in advance."

Since we have concluded that Leonardo did not, in the 1969 agreement, relinquish its perpetual rights to exploit the properties, the mere granting (during the 12-year period) of sublicenses extending beyond the 12-year period did not constitute a breach of contract. However, the parties' submissions do not resolve the question of whether TTV's compensation or royalties referable to such sublicensing beyond the 12-year period

shall be calculated in accordance with the terms of the 1960 agreement or the 1969 agreement. We find that the Piech affidavit is sufficient to raise a factual question requiring a trial of this issue. Accordingly, TTV's motion for partial summary judgment should have been denied. Concur—Sandler, J. P., Carro, Asch, Fein and Lynch, JJ.